# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT MITCHELL | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) | : | NO. 20-1319 |

## MEMORANDUM OPINION

**Savage, J.**                                                      **September 1, 2020**

Plaintiff Robert Mitchell has filed a complaint under the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20101 et seq., alleging that his employer, AMTRAK, retaliated against him for warning management about electrical code violations and cooperating in an inspector general's investigation into potential misuse of funds for electrical upgrades. AMTRAK moved to dismiss for lack of jurisdiction on the grounds that Mitchell did not appeal the administrative law judge's (ALJ) dismissal of his Occupational Safety and Health Administration (OSHA) complaint to the Administrative Review Board (ARB). After Mitchell, in his response to the motion, supplied proof that he had filed an appeal, AMTRAK now contends the appeal was not perfected because it was not served on AMTRAK.

## Facts and Procedural History

Mitchell was employed as a building services specialist/technician at AMTRAK's 30th Street Station (Station).[1] On July 12, 2016, when Mitchell informed the Facilities Maintenance Manager, Paul Roddy, and other AMTRAK management that various areas of the Station were not in compliance with electrical codes, he was instructed to "mind his

---

[1] Compl. ¶ 5 (ECF No. 1).

own business."² Around this time, Mitchell cooperated with AMTRAK's inspector general's investigation into possible misuse of funds for electrical upgrades at the Station.³

Mitchell claims that AMTRAK has retaliated against him since he pointed out the code violations and cooperated with the inspector general. He alleges he has been passed over for overtime and threatened with termination if he does not "do what Mr. Roddy says and be quiet."⁴ In November 2016, he was charged with an unexcused absence after he went to the emergency room with chest pains.⁵ On December 1, 2016, he was given a negative safety evaluation for not having completed a safety qualification that he asserts he had completed.⁶

Mitchell filed a whistleblower complaint with OSHA on December 6, 2016.⁷ The complaint was substantially the same as the complaint in this case.⁸ On March 13, 2017, AMTRAK responded to Mitchell's complaint, arguing that it had found no evidence that Mitchell had notified management of any code violations or that management was aware of his cooperation with the inspector general's investigation.⁹ It denied any connection between these events and the alleged retaliation.¹⁰

---

² *Id.* ¶¶ 6-7.

³ *Id.* ¶ 8.

⁴ *Id.* ¶ 11.

⁵ *Id.* ¶¶ 13-14.

⁶ *Id.* ¶ 15.

⁷ *Id.* ¶ 1; Def.'s Memo. of Law in Supp. of Mot. to Dism., Ex. C at 1 (ECF No. 4-2).

⁸ Def.'s Memo. of Law in Supp. of Mot. to Dism., Ex. A at 6-7.

⁹ *Id.*, Ex. D at 1-4.

¹⁰ *Id.*, Ex. D at 1-6.

On four occasions from May 23 through June 18, 2019, OSHA attempted to contact Mitchell's prior counsel.[11] On June 20, 2019, OSHA sent counsel a letter, delivered the following day, explaining that AMTRAK had "defended its' [sic] position by presenting a nondiscriminatory reason for their [sic] actions, and at this stage of the investigation, it was difficult to support the charge."[12] The letter requested that counsel contact the assigned investigator within ten days or "face dismissal of the complaint."[13]

Neither Mitchell nor his counsel responded to the letter.[14] Accordingly, OSHA conducted "no additional investigation" or "further evaluation of the merits of the charge."[15] On August 20, 2019, OSHA sent Mitchell's counsel a letter explaining:

> [T]here is insufficient evidence to support a charge of discrimination under FRSA or to determine the Complainant's alleged protected activity was a contributing factor in his alleged adverse employment action.
>
> OSHA does not have a reasonable cause to believe a violation of the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20109, occurred. Consequently, the complaint is dismissed.[16]

Three days later, Mitchell's counsel requested a hearing before an ALJ.[17] The ALJ scheduled a prehearing conference for February 12, 2020.[18] After Mitchell and his counsel failed to appear, the ALJ issued a rule to show cause order why the matter should

---

[11] *Id.*, Ex. C at 2.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*, Ex. C at 1.

[18] *Id.*, Ex. C at 2.

3

not be dismissed, with a return date of February 28, 2020.[19]  Mitchell did not respond to the order.  Instead, his prior counsel faxed a letter to the ALJ on March 2, 2020, advising that he intended to file an action in federal court.[20]

The following day the ALJ issued a Decision and Order of Dismissal.[21]  She noted that Mitchell's March 2, 2020 letter, to the extent that it was intended as a response to the rule to show cause order, was untimely.[22]  She concluded that even if she were to consider it, the letter was "insufficient to establish good cause for Complainant's failure to appear for the scheduled prehearing conference in this matter" because it "fail[ed] to convey that circumstances existed beyond the control of Complainant's counsel which prevented complying with the Administrative Law Judge's directives issued in this case."[23]  Invoking her regulatory power under 29 C.F.R. §18.12 to manage her docket, the ALJ deemed Mitchell's request for a hearing withdrawn and dismissed his complaint.[24]

Mitchell filed this action on March 6, 2020.[25]  On March 13, 2020, Mitchell filed his petition for review with the ARB.[26]  The appeal remains pending.[27]

## Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(1) is treated similarly to a Rule 12(b)(6) motion.  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

---

[19] *Id.*

[20] *Id.*

[21] *Id.*, Ex. C at 1.

[22] *Id.*, Ex. C at 3.

[23] *Id.*

[24] *Id.*

[25] Compl.

[26] Pl.'s Resp. to Def.'s Mot. to Dism. at 2, Ex. 1 (ECF No. 6).

[27] *Id.*

Whether a Rule 12(b)(1) motion presents a "facial" or a "factual" attack dictates the scope of review. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A facial challenge asserts an insufficiency on the face of the complaint. *Id.* A factual attack disputes the factual basis supporting subject matter jurisdiction. *Id.*

AMTRAK makes a factual challenge to subject matter jurisdiction. It argues that we lack jurisdiction because Mitchell never perfected his appeal to the ARB by serving the petition for review on AMTRAK.

In a factual challenge, the defendant disputes the allegations on which jurisdiction depends. Unlike in considering a facial challenge, the court must weigh the evidence and evaluate the merits of the claim. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). No presumptive truthfulness attaches to the plaintiff's allegations. *Id.* Thus, a district court may consider evidence outside the pleadings. *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008); *Gould Elecs. Inc.*, 220 F.3d at 176 (citation omitted).

## Analysis

The FRSA's "kick out" provision provides that railroad employees may seek *de novo* district court review of OSHA complaints alleging retaliation for assisting with a safety investigation "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee . . . ." 49 U.S.C. § 20109(d)(3). Commentary accompanying the issuance of the Final Rule explains that "the right to seek de novo review in district court under these provisions terminates when the Secretary issues a final decision, even if the date of the final decision is more than 210 days after the filing of the complaint." Procedures for the

5

Handling of Retaliation Complaints Under the National Transit Systems Security Act and the Federal Railroad Safety Act, 80 Fed. Reg. 69115, 69130 (Nov. 9, 2015) (codified at 29 C.F.R. pt. 1982).  Thus, a district court may exercise jurisdiction over an OSHA complaint only if: (1) the Secretary has not issued a final decision; (2) more than 210 days have elapsed since the filing of the complaint; and (3) the delay is not due to the employee's bad faith.

The ALJ's decision becomes the final decision of the Secretary when it is no longer subject to review by the ARB.  This occurs if the employee fails to file a petition for review of the ALJ decision with the ARB within 14 days or if the ARB rejects the petition.  29 C.F.R. §§ 1982.109(e), 1982.110(b).  Once the decision is final, an aggrieved employee's only recourse is to file a petition for review in the court of appeals.  *Id.* § 1982.112.

Mitchell filed his OSHA complaint on December 6, 2016.[28]  The ALJ did not issue a decision until March 3, 2020.[29]  Three days later, Mitchell filed suit in this court.[30]  Because the 14-day period to file a petition for review with the ARB had not run, there was no final decision at that time.[31]  *See id.* § 1982.109(e), 1982.110(b).  On March 13, 2020, Mitchell filed his petition for review with the ARB, which accepted it.[32]  His appeal remains pending.[33]

---

[28] Compl. ¶ 1.

[29] Def.'s Memo. of Law in Supp. of Mot. to Dism., Ex. C.  AMTRAK does not argue that this delay was attributable in any way to bad faith by Mitchell.

[30] Compl.

[31] There is still no final decision in the matter.  *See Mitchell v. AMTRAK*, Admin. Rev. Bd. No. 2019-FRS-00101.

[32] Pl.'s Resp. to Def.'s Mot. to Dism. at 2, Ex. 1.

[33] *Id.*

6

AMTRAK argues that we should deem Mitchell's appeal to the ARB untimely because he did not serve it. AMTRAK cites no authority to support its argument. Although the regulation requires the petition "to be served on all parties . . . at the time it is filed with the ARB," it does not provide any consequences for a failure to serve it. *Id.* § 1982.110(a). Rather, it states only that the petition is deemed filed on the date it is postmarked, faxed, emailed or, if hand delivered, received. *Id.* According to the docket, that date was March 13, 2020.[34]

AMTRAK does not contend that it was prejudiced by Mitchell's failure to serve it with his ARB petition. AMTRAK will have an opportunity to answer the complaint and defend the case. To dismiss this action in the absence of prejudice would be inconsistent with the regulation's intent to provide "ready access to federal court." Procedures for the Handling of Retaliation Complaints Under the National Transit Systems Security Act and the Federal Railroad Safety Act, 80 Fed. Reg. 69115, 69131.

## Conclusion

A failure to serve a petition under 29 C.F.R. § 1982.110(a), absent prejudice, does not warrant dismissal of the action. Mitchell's failure to serve AMTRAK with his ARB appeal did not prejudice AMTRAK or otherwise affect the filing of the appeal. Therefore, we shall deny the motion to dismiss.

---

[34] *Id.*